IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RUILIN LIU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:24-cv-2725-D (BT) |
| | § | |
| TIM BARTON, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff Rulin Liu filed a document entitled "Request to Open a Lawsuit" that the Court has construed as civil complaint. ECF No. 3. Liu, a Texas resident, claims that defendant Tim Barton, also a Texas resident, breached a contract to return $300,000 to Liu that Liu had loaned to Barton's company. ECF No. 3 at 1. Liu asks the Court to order Barton to return the $300,000 to him.

For the following reasons, the Court should *sua sponte* dismiss this action without prejudice for lack of subject matter jurisdiction.

**Legal Standards and Analysis**

The court "is duty-bound to examine its subject-matter jurisdiction *sua sponte*." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 n.4 (5th Cir. 2017).

Federal courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by

judicial decree." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Unless otherwise provided by statute, federal subject matter jurisdiction requires: 1) an action "arising under the Constitution, laws, or treaties of the United States," *see* 28 U.S.C. § 1331; or 2) complete diversity of citizenship between adverse parties combined with an amount in controversy exceeding $75,000, *see* 28 U.S.C. § 1332.

Regarding federal question jurisdiction, the most common cases "arising under" federal law "are those in which federal law creates the cause of action." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). In rare situations, a case may arise under federal law "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 9 (1983).

But even if there is a claim under the Constitution or federal statutes, the Supreme Court has stated that such suits should be dismissed for want of jurisdiction where the alleged claim "is wholly insubstantial or frivolous." *Bell v. Hood*, 327 U.S. 678, 682-83 (1946). The Fifth Circuit has found a claim is "wholly insubstantial and frivolous" under *Bell* when that "claim has no plausible foundation." *Carmichael v. United Techs. Corp.*, 835 F.2d 109, 114 (5th Cir. 1988) (quoting *Williamson v. Tucker*, 645 F.2d 404, 416 (5th Cir. 1981)). "Moreover, a court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction when the complaint is 'patently insubstantial, presenting no federal question

2

suitable for decision.'" *Isom v. United States Dep't of Homeland Sec.*, 2021 WL 2232052, at *1-2 (E.D. Tex. Apr. 28, 2021), *rec. accepted* 2021 WL 2224345 (E.D. Tex. June 2, 2021) (internal quotation marks omitted) (quoting *Vasaturo v. Peterka*, 203 F. Supp. 3d 42, 44 (D.D.C. 2016) (quoting, in turn, *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)). This includes "bizarre conspiracy theories" and "complaints resting on truly fanciful allegations." *Vasaturo*, 203 F. Supp. 3d at 44.

In cases invoking diversity jurisdiction, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b). "The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam). "'The failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Id.* (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)).

While pleadings by *pro se* plaintiffs are construed liberally, *see, e.g.*, *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002); *Mass v. McDonald's Corp.*, 2004 WL 2624255, at *2 (N.D. Tex. Nov. 12, 2004), the court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). And "even though a particular statute or rule need not necessarily be cited by name[,]" the party asserting jurisdiction must allege the jurisdictional basis "affirmatively and distinctly"; jurisdiction cannot be "established argumentatively or by mere

3

inference." *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (citations omitted). "[C]ourts are not obligated to search out the identity of a party's vaguely-pleaded claims." *Mass,* 2004 WL 2624255, at *2. Ultimately, "[t]he plaintiff is the master of his own pleadings, and even a *pro se* litigant has the right to plead himself out of court, just as an attorney may do." *Estrada v. Dominguez,* 2001 WL 506982, at *2 (N.D. Tex. May 14, 2001).

    Federal courts do not have to—and in fact, should not—wait for a Rule 12(b)(1) motion to determine whether subject matter jurisdiction exists. On the contrary, "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The court "is duty-bound to examine its subject-matter jurisdiction *sua sponte.*" *Burciaga,* 871 F.3d at 384 n.4; *see also Ins. of Ir., Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702 (1982) (explaining that while under Rule 12(h) defenses for lack of personal jurisdiction are waived if untimely, even an appellate court may review subject matter jurisdiction *sua sponte*).

    The Court lacks subject matter jurisdiction over this case. Liu asserts a standard, state-law breach of contract claim, so there is no federal question jurisdiction. *See, e.g., Morales v. Specialized Loan Servicing, LLC,* 2022 WL 16549151, at *5 (W.D. Tex. Oct. 31, 2022) ("This Court has previously observed that '[b]reach of contract is plainly a state law claim . . .'") (citing *Kinnie v. Freedom Mortg. Corp.,* 2020 WL 1284831, at *3 (W.D. Tex. Mar. 17, 2020)); *see also*

4

*Solomon v. Lincoln National Corp.*, 2015 WL 12778801, at *4 (S.D. Tex. Nov. 12, 2015) (noting that breach of contract is typically a state-law claim).

Nor does Liu establish diversity jurisdiction, as he fails to allege that the parties are citizens of different states. Rather, Liu alleges that he and Barton both reside in Texas. *See*, *e.g.*, *Simon v. Taylor*, 455 F. App'x 444, 445 (5th Cir. 2011) ("Thus, the plaintiffs have failed to establish complete diversity because, according to their amended complaint, both plaintiff Jose Vega and the defendants are residents of Texas. The district court, therefore, erred in exercising jurisdiction over this lawsuit.")

In sum, this Court lacks subject matter jurisdiction over Liu's case and should dismiss it without prejudice.

## Leave to Amend

Ordinarily, "a *pro se* litigant should be afforded an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Even so, the Court need not grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* at 768. As shown above, the facts as alleged by Liu show a lack of subject matter jurisdiction in this Court that does not appear to be curable by amendment.

Additionally, the Court notes that, even if there were subject matter jurisdiction over Liu's breach of contract claim, it is probably untimely. The statute of limitations for breach of contract claims in Texas is four years. TEX. CIV. PRAC. & REM. CODE § 16.004. The statute of limitations begins to run with the accrual of

the cause of action. *Am. Star Energy & Minerals Corp. v. Stowers*, 457 S.W.3d 427, 430 (Tex. 2015). A cause of action accrues when a legal injury occurs. *Provident Life and Ac. Ins. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003). A legal injury happens when a wrong produces an injury, or one party injures another, even if the injured party does not discover their injuries until after the statute of limitations accrues. *Id.* Here, Liu claims that Barton promised to give back the loan money "within 45 days from October 24, 2019," which would have been December 8, 2019. ECF No. 3 at 1. Thus, the breach of contract claim accrued on December 8, 2019, and Liu had until December 8, 2023, to file suit. Liu, however, did not file this suit until October 28, 2024. Again, this deficiency does not appear to be curable by amendment.

Thus, the Court should not grant Liu leave to amend. Instead, the 14-day statutory objection period (explained below) will allow Liu the chance to proffer facts, if any, that can cure the deficiencies noted above.

## Recommendation

The Court should dismiss Liu's case without prejudice for lack of subject matter jurisdiction.

SO RECOMMENDED November 6, 2024.

                                       REBECCA RUTHERFORD
                                       UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

     A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).